IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 2 6 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| TIMOTHY DONALD BEAN, § | |
| TDCJ-CID # 1017497 § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-2188 |
| § | |
| DOUG DRETKE, § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Timothy Donald Bean, a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction. Respondent filed a motion for summary judgment and a copy of the state court records. (Docket Entry No. 14.) Petitioner has filed a response. (Docket Entry No. 16.) After considering the pleadings, the motion and response, the state court records, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

A jury found petitioner guilty of manslaughter under cause number 99-08-04806-CR in the 9th District Court of Montgomery County, Texas, and assessed punishment at twenty years incarceration. The conviction was affirmed on direct appeal. *Bean v. State*, No. 13-01-030-CR (Tex. App. –Corpus Christi 2001, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review. *Bean v. State*, PDR No.

194-02. The Texas Court of Criminal Appeals denied habeas relief without a written order on findings of the trial court without a hearing. *Ex parte Bean*, Application No. 57,805-01.

Petitioner's federal habeas petition raises one ground for relief, claiming ineffective assistance of trial counsel. Respondent argues that petitioner's claim is unexhausted, procedurally defaulted, and should be dismissed.

## II.    HABEAS CORPUS PETITIONS UNDER AEDPA

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. §§ 2254(d)(1) and (2).

A fundamental prerequisite to relief under section 2254 is the exhaustion of all claims in state court. To exhaust available state court remedies, a habeas petitioner must "fairly present" all of the claims in his habeas corpus petition to the highest available state court, alerting the court to the federal nature of his claim. 28 U.S.C. § 2254(d)(2). *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

If the petitioner fails to exhaust available state remedies, and the state court to which he would have to present his claims in order to exhaust them would find the claims procedurally barred, the petitioner has procedurally defaulted those claims. *Nobles*, 127

F.3d at 420. The merits of a procedurally defaulted claim may, however, be considered on federal habeas review if the petitioner can demonstrate cause for the default and actual prejudice, *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001), or that he is actually innocent of the offense for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III.   ARGUMENTS AND ANALYSIS

Petitioner argues that his counsel was ineffective because he

> advised me not to testify at the punishment phase of my trial because it would open the door to other acts of misconduct on my part. I did not testify but these other acts were admitted anyway, without any explanation from me, causing the jury to give me the maximum punishment.

(Docket Entry No. 1, p. 7.) This claim was not raised on direct appeal. On collateral review, petitioner complained that trial counsel failed to (1) adequately interview and investigate; (2) offer as evidence his exculpatory excited utterance; (3) challenge his police statement; or (4) offer mitigating evidence at punishment. *Ex parte Bean*, pp. 115-16. Under state ground (3), petitioner complained that trial counsel should have allowed him to testify during guilt-innocence in lieu of relying on his police statement. Under state ground (4), petitioner complained that counsel failed to present testimony of friends and relatives as mitigating evidence at punishment.[1] Finding trial counsel's affidavit credible

---

[1] The Court declines petitioner's invitation to rely on page 6 of a state habeas application exhibit attached to his response. (Docket Entry No. 16, attachment.) Page 6 of the exhibit is materially different from page 6 of his state habeas application appearing in the state court record. *See Ex parte Bean*, p. 9. Page 6 of the exhibit does not appear in the record, and will not be considered. Regardless, it does not establish exhaustion of petitioner's federal habeas claim.

and petitioner's own affidavit "not worthy of belief," the state habeas court denied relief. *Id.*, pp. 183-186. Petitioner did not complain in state court that counsel was ineffective in advising him not to testify at the punishment hearing regarding extraneous offenses, and he failed to develop the claim in state court. The claim has not been exhausted. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("This [exhaustion] requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal petition.") Petitioner fails to argue, much less establish, cause and prejudice for not raising this claim or that he is actually innocent. Accordingly, his claim is procedurally defaulted and subject to dismissal. 28 U.S.C. § 2254(b)(2).

## IV. CONCLUSION

The motion for summary judgment (Docket Entry No. 14) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copes of this order to the parties.

Signed at Houston, Texas, on this the 26 day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE